Mayham, J.
The plaintiff brings his action for a perpetual injunction, and now asks for an injunction order pendente lite, on the ground that the acts sought to be restrained in the action will, if permitted to continue during the pendency of the action, produce irreparable injury to the plaintiff.
The parties respectively claim under rights claimed to have been acquired under legislative grants, either in express terms or acquired by virtue of their organization as corporations under general laws. The defendant was incorporated by the legislature in 1828, and by the act of incorporation authorized to construct and maintain a turnpike road from the north bound of the city of Albany to the village of West Troy, and, in pursuance of that charter, constructed and maintained a turnpike road between these points until 1862, when, by chap. 233 of the laws of that year, its corporate name was changed to “ The Watervliet Turnpike & Railroad Company."
By that act its corporate powers were enlarged, and it was authorized, with the consent of the board of trustees of the village of West Troy, to construct and maintain railroad tracks through certain streets in that village, and also with the consent of the common council of the city of Albany, and under such restribtions as it might impose, to extend and maintain its railroad track or tracks from the southerly terminus of the turnpike road in and through Broadway to South Ferry_ street in that city.
By § 4 of that act, the turnpike and railroad company as such corporation, was authorized “ to transport and carry property and persons upon said railroad track or tracks, for a compensation, by the power of horses, animals, or any mechanical or other *23 power, or the combination of them, which such company might choose to employ, except the force of steam.” On the 5th day of May, 1862, the common council of the city of Albany duly
Íassed an ordinance pursuant to the provisions of chap. 233, iaws of 1862, granting the defendants, under restrictions therein prescribed, the privilege and franchise “ to lay a track or tracks for a horse railroad through Broadway to South Ferry street"
On the 17th of June, 1889, the common council passed a law or ordinance, entitled “A law to authorize the Watervliet Turn-' pike & Railroad Company to erect poles in Broadway and North Ferry street, and string wires thereon for the purpose of operating electric motors attached to cars.” Such act or ordinance permitted the defendant to erect poles, string wires, and operate its cars through Broadway and North Ferry streets, by means of electric motors, and the defendants were proceeding to substitute electric motors for horse power, for the propulsion of cars, when this action was commenced.
The plaintiff was incorporated in 1883, under the provisions of chap. 265 of the Laws of 1848, entitled “An act to provide for the incorporation and regulation of telegraph companies,” and the several acts amendatory thereof and supplementary thereto, and thereupon established its central office, or exchange, on Broadway, in the city of Albany, the object, purpose and business of which was through the agency of electricity as applied to the telephone to transmit over wires the sound of the human voice and thereby enable parties at great distance from each other to converse.
From the central office, or exchange, the plaintiff located wires' upon poles placed in the streets of the city, and particularly through Broadway and North Ferry streets in said city, and by means of such wires and electricity and the machinery attached thereto, connected such office with residences, business places and public offices, in Albany not only, but with Troy and many other cities, towns and villages at long distances from the central office, and, as appears 'by the complaint and affidavits, had established and m operation a large and profitable business at large expense, and was and is by contract required to and did furnish facilities, through said telephone, for communication and conversation by a large number of subscribers, and the plaintiffs insist, and the proof upon this motion establishes, that the construction and operation of the electric motors, as a means of propelling the defendant’s cars over and through Broadway and North Ferry streets, on lines parallel with and in near proximity to the plaintiff’s lines or wives, and near the plaintiff’s central or exchange station, obstructs, inferieres with and, to a large extent, prevents the plaintiff from carrying on the business of telephoning and transmitting the sound of the human voice by means of its telephone.
That by the methods used by defendant in applying electricity as a motor, and the large amount of powerful currents employed by the railroad company on wires in close proximity to and parallel with the wires of the plaintiffs and Broadway and North Ferry streets, constant and rapid changes are produced by m *24 dudion; and as the electricity in the defendant’s system is discharged upon the wheels and thus into the earth, through which it reaches the telephone wire by conduction, and these currents of induction and conduction from the electric railway cause and produce the injury complained of.
The proof of the defendant’s witnesses on this motion does not antagonize the truth of the plaintiff’s proof as to the effect upon the telephone by the use of the defendant’s system of electric motors in cars; but it claims that the plaintiff's system of telephone is defective in its use of the earth as a return current for the electrical current, and suggest and seek to demonstrate that a return circuit of wire, in near proximity to the transmitting wire, would relieve the telephone from the influence of all outside currents.
Without attempting to decide between the parties as to the respective theories, either in a scientific or economic point of view, I shall content myself with an effort to ascertain on this motion what the legal rights of the parties are upon the facts and conditions as they exist, leaving to the trial court, and the final judgment in this case, such examination and determination of those questions as may be deemed proper.
As this motion is for a provisional remedy in this action, and does not, therefore, involve the merits of the questions ultimately to be determined by it, the court is relieved from the consideration of many of the questions raised and discussed by counsel.
Without in any way prejudging the merits, we are to determine whether a case is made within §§ 603 and 604 for a temporary injunction order. The plaintiff claims to have brought the case on this motion within the provisions of § 603 by his complaint, and also within the provisions of § 604, subdivision 1, by the affidavits used on this motion; By § 603 it is provided that: “Where it appears from the complaint that the plaintiff demands, and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff, an injunction order may be granted.”
This section seems to justify the granting of a temporary injunction in any case where the complaint alleges a cause of action upon which, if the allegation of the complaint were proved on the trial, the plaintiff would be entitled to recover, and the relief demanded consisted in restraining the defendant from the commission or continuance of some act affecting injuriously the plaintiff or his property.
Tested by this rule there is little doubt that the plaintiff would be entitled to. the relief asked for on this motion. The allegations of the complaint are broad enough, both as to the relief demanded and the alleged injury by the act which the plaintiff seeks to restrain, to entitle him, if not disputed, to an injunction.
First. As a telephone company duly organized, the plaintiff had a right, as against the defendant, to locate its office or exchange jn Broadway, Albany, and to erect its poles and string its wires in *25 that street. People v. Metropolitan Telephone Company, 31 Hun, 596. Under the allegations in the complaint it could not be held that the plaintiff is a trespasser, using the street and right of way for the telephone without right, and, when judged by the complaint, it would follow that any interference with, or destruction of the plaintiff’s right, producing an irreparable injury, could be restrained by the court by injunction. The plaintiff being in possession, and in the enjoyment of the prior vested right, could only be divested by proof of a superior right in the defendant, and that can only be done by taking issue with the allegations of the complaint, and establishing the defense upon the trial.
I think also that a proper case is made upon the proof for an order of injunction under subdivision 1 of § 604 of the Code of Civil Procedure. That subdivision reads as follows:
“ Where it appears by affidavit that the defendant, during the pendency of the action, is doing or procuring, or suffering to be done, or threatens, or is about to do, or procure, or suffer to be done, an act in violation of the plaintiff’s rights respecting the subject of the action, and tending to render the judgment ineffectual, an injunction order may be granted to restrain him therefrom.”
It is quite apparent from the affidavits upon this motion that the plaintiff’s business will, by the operation of defendant’s railroad by electricity through Broadway, be seriously interrupted, and the telephone communication will be seriously interfered with, and it is reasonable to suppose that such interference will deprive the plaintiff, temporarily, if not permanently, of some of its patrons, thus rendering the injury irreparable, and, perhaps, to some extent, the judgment, if plaintiff obtain one, ineffectual; on the other hand, it may be said that if the defendant succeeds in the action, it will suffer heavy loss by reason of the interruption of the operation of its' railroad, but that loss may, in the main, be covered by indemnity furnished in plaintiff’s bond, which must, as a condition of the injunction order, be made ample to cover the defendant’s loss.
In reaching a conclusion that a temporary injunction should be granted on this motion I have intentionally avoided any discussion or determination of the somewhat new but very important questions involved in this action, which should have a careful trial upon the merits and a speedy determination.
An injunction order pendente lite should be granted upon the plaintiff filing a bond, or undertaking, in the sum of $10,000, to be approved by a justice of the court, and if desired by the defendant, the plaintiff, as a further consideration, shall stipulate to proceed to take the proofs in this case before a stenographer to be agreed on by the parties or appointed by the court, and bring the case to a hearing upon the proofs so taken, at any regular special term in the third judicial district, or shall take short notice for trial of said action at the January Albany circuit.